## Case No. 8,498.

### LOOMIS v. WILBUR.

[5 Mason, 13.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1827.

**WASTE—TIMBER FOR REPAIRS—IDENTITY OF TIMBER USED.**

It is not waste, in a tenant for life, to cut down timber trees for the purpose of making necessary repairs on the estate, and to sell them and purchase boards with the proceeds, for such repairs, provided this be proved to be the most economical mode of making the repairs.

[Disapproved in Dennett v. Dennett, 43 N. H. 500. Cited in Miller v. Shields, 55 Ind. 77.]

[1] [Reported by William P. Mason, Esq.]

This was an action of waste under the statute of Rhode Island (see Dig. 1822, p. 199), for the recovery of the freehold wasted. Plea, the general issue. Daniel Wilbur, deceased, by his will, made on the 20th December, 1802, and proved on 1st of June, 1807, devised all his lands undisposed of, including the premises, to his son Daniel Wilbur, the defendant, for his life, remainder to his wife for her life, if she survived him, remainder to Daniel Wilbur, his grandson, and son of his son Daniel, in fee; but if his said grandson died before 21 years of age, &c. then to his son Daniel in fee. The grandson attained the age of 21 years and is still living. The grandson sold his interest in the estate to one James Aldrich, through whom, and by intermediate conveyances, and a levy on execution, the premises came to the plaintiff [Luther Loomis] on the 23d of December, 1825. The only waste proved was, the cutting of a few timber trees sparsely on the land, not exceeding ten or fifteen in number. It was proved, that the defendant was very poor and unable to repair the fences and buildings from other means; that the principal part of the trees were cut down for repairs of the buildings. They were sold by an agent, and boards, already sawed, &c. were purchased with the proceeds and applied to the repairs. This was the most economical way of attaining the object, and most for the benefit of the estate, and was done on consultation with the agent, before the trees were cut down. It was also proved, that a timber tree or two were cut down and sold; but whether the proceeds were applied to repairs did not appear. But it did appear, that the defendant owned a contiguous wood lot, and sometimes used the timber from that lot for fire bote and house bote.

The plaintiff contended, that the case of waste was clearly made out, and that the sale of the timber was waste, by the authorities; that the tenant might have cut down trees for the necessary repairs and fire bote, but had no right to sell them; and he cited Bac. Abr. "Waste," F. The defendant contended, that there was no waste; that no injury was done to the estate; that repairs were necessary; and there was no difference between applying the proceeds of the sale and the identical timber.

Mr. Richmond, for plaintiff.
Mr. Tillinghast, for defendant.

STORY, Circuit Justice (charging jury). The supposed waste in this case is so very small in point of value, that if a forfeiture is incurred, it must operate with peculiar severity. The jury therefore ought clearly to see, that the plaintiff makes out his case upon reasonable evidence. The question in cases of this nature is, whether the tenant has done any injury to the inheritance; for the averment in the declaration is, that the timber has been cut down to his disherison. If, under all the circumstances, what has been done, has been for the benefit of the estate, for necessary repairs, and for the interest of the remainder-man, then there has been no waste. Now it is admitted, that the tenant is very poor and had no other means to repair; and that the repairs were indispensable, and any longer omission would have been very injurious to the estate. The quantity of timber applied to the repairs is not pretended to be extravagant or unnecessary. But it is said, that the same timber, which was cut down, ought to have been applied, and not sold, and that the sale was per se waste. For this position reliance is placed on a citation from Bac. Abr. "Waste," F, where it is said, that if a lessee cuts trees and sells them for money, though with the money he repairs the house, it is waste. The authority relied on in Bac. Abr. is 1 Co. Litt. 53b. The doctrine there stated may be good law, if it be properly understood and limited. If the cutting down of the timber was without any intention of repairs, but for sale generally, the act itself would doubtless be waste; and if so, it would not be purged or its character changed, by a subsequent application of the proceeds to repairs. But if the cutting down and sale were originally for the purpose of repairs, and the sale was an economical mode of making the repairs, and the most for the benefit of all concerned, and the proceeds were bona fide applied for that purpose, in pursuance of the original intention, it does not appear to me to be possible, that such a cutting down and sale can be waste. It would be repugnant to the principles of common sense, that the tenant should be obliged to make the repairs in the way most expensive and injurious to the estate.

As to the other part of the case, the sale of one or two trees, the application of which to repairs is not established, it is, if at all, waste in its most minute form. But the jury will judge of the facts, and consider in the first place, whether the proceeds might not have been applied to the repairs. In the next place, if they were not, but if an equal quantity of timber from the other woodlot of the defendant was so applied, and these trees were only taken by way of compensation and remuneration therefor, then there was no waste. It has been said, that the terms of the will make the tenant for life dispunishable of waste, and that the intention was to give him a full and entire control of the inheritance during his life. The words are certainly very broad and comprehensive, giving ample powers to a tenant for life for general purposes; but my opinion is, that they do not authorize any act to be done, which injures the inheritance, much less do they authorize positive waste.

Verdict for the tenant.