Per Curiam.

In regard to the damages, it is not necessary to recur to the statute of Gloucester, for our own statute provides that a tenant in dower committing waste, shall forfeit “ the part of the estate upon which the waste shall be made, and the damages assessed for waste ; ” that is, the damages actually sustained, not treble damages.[1]
We are to consider then whether there has been waste, and to what extent. The referees have reported, that the defendant cut oak trees for her necessary fuel. This she had a right to do. Oaks are found here in so great abundance, that they are not more valuable than other trees, and they are in common use for fuel. Neither was it waste to cut the four timber trees used for posts. The only waste which was done, consisted in cutting the other two timber trees and selling them ; and though the defendant took fire-wood in exchange, this is *160 no justification ; and she might have procured sufficient fire wood without resorting to that measure.[2]
But the amount of damages assessed is thirteen dollars, which is made up in part only of the value of these two trees The parties had better therefore fix their value by agreement. There cannot be a forfeiture of the land, for the place wasted is not found. Cutting these two trees cannot operate as a forfeiture of the whole lot, and it is such a peccadillo that we shall not send the case to the referees again to find the place wasted.
Cobb suggested that the plaintiff’s costs should be only one quarter part of the damages recovered. St. 1807, c. 123, § 2. No forfeiture of the land is demanded in the writ.
Russell claimed full costs. The plaintiff had a right to commence the action, as he did, in the Common Pleas, since the title to real estate might have come in question. Whether there should be a forfeiture or not, is a question of title. It was not necessary to insert in the writ a claim to the place wasted.
Per Curiam. The plaintiff is entitled to full costs.[1]

 See Revised Stat. c. 60, § 15, and c, 105, § 1.

 See Fuller v. Wason, 7 N. Hampsh. R. 341; Loomis v. Wilbur, 5 Mason, 13; Conner v. Shepherd, 15 Mass. R. (Rand’s ed.) 161, note a; Fay v. Brewer, 3 Pick. (2nd ed.) 205, note 2; 1 Hilliard’s Abr. 169, et seq., tit. Waste

 See Fay v. Brewer, 3 Pick. (2nd ed.) 205, note 2.