## MOREHOUSE v. COTHEAL.

1. When a sheriff's deed is offered by a party to sustain his own title, it must be supported by proof of the judgment and execution under which it was given ; but this is not requisite when it is offered to show under what title the adverse party claims the property : he cannot deny the authority of the sheriff to give the deed under which he claims.

2. What will constitute waste, will, in some measure, depend upon the situation and custom of the country and the course of husbandry. But the mere destruction or sale of timber not for the immediate purpose of reparation is always waste, and repairs done at another time cannot be recouped against it or justify it.

3. In an action of waste, a verdict of guilty, as to one part, is substantially a verdict of not guilty as to the residue. And the court will so record or amend the *postea* as to legalize and give effect to the verdict.

4. It is not necessary in a verdict of guilty in waste to describe the place wasted by metes and bounds, a general designation of it is sufficient.

This was an action of waste, tried at the last Middlesex Circuit, upon the general issue *nul waste.* The verdict, as returned on the *postea,* was, " that the said defendant, D. C., did make waste, sale, and destruction in woods and lands, that is to say, in taking twenty cords of wood from spring hollow, and five cords of wood from sugarloaf hill, and oaks, chestnuts, pines, and other trees from the premises adjoining spring hollow, and dispersely standing around the clay pit upon the said premises, in quantity equal to fourteen and a half cords of wood, in manner and form as the said plaintiffs have by their declaration supposed, and they, together, assess the damages of the said plaintiffs, by reason thereof, at the sum of

$89 : and as to the other waste charged in the said declaration, the jurors aforesaid, upon their oath say, the said defendant, D. C., made no waste, sale, and destruction, as the said plaintiffs in their said pleadings have alleged."

At the coming in of the *postea*, Mr. *Leupp*, for the defendant, asked for a rule to show cause why the verdict should not be set aside. He urged that the verdict did not sufficiently specify the locality upon which the waste was committed, so as to authorize a judgment of forfeiture. That the verdict, as actually delivered by the jury, (though otherwise returned upon the *postea*) made no mention of the residue of the waste charged in the declaration, the defendant being found guilty only in part. He urged that the verdict was, therefore, insufficient. Another point taken was, that a sheriff's deed was read by the plaintiffs, in order to show the defendant's title, without first offering in evidence the decree upon which it was founded. Also, that the defendant, on the trial, was not permitted to prove that improvements, greater in value than the waste charged, had been placed by the tenants upon the premises.

He cited *Green* v. *Cole*, 2 *Saund.* 228 ; *Ib.* 238, *note* 5 ; *Ib.* 250, *note* 6 ; 5 *Pick.* 191 ; 5 *Mason* 13 ; *Bac. Abr. Waste* (*M.* 7).

*Blydenburgh*, (of N. Y.) contra.

CARPENTER, J. Undoubtedly, in order to deduce title under a sheriff's deed, the judgment and execution must also be produced, so as to show the authority of the officer to sell. But in this case the plaintiffs did not offer the deed in order to establish their own title. It was offered to show how the defendant held, for which purpose it was competent. The defendant has entered under the deed of the sheriff, and it does not lie in his mouth to deny his authority to sell.

It was urged that the verdict ought not to stand, because the acts of the defendant did not amount to waste. But I do not see how, upon this point, any question can be raised as to the propriety of the verdict. It is quite true that the law of waste is not held in this country precisely in the same manner

as in England, but, to some extent, is accommodated to our peculiar circumstances and condition. Thus regard has been had to the condition of the land and to the object of felling trees, and whether good husbandry and the situation of the property required that the land should be cleared and reduced to tillage. So as to other circumstances which conform to the situation and known practice of the country. What is conformable to such usage, and not prejudicial to the inheritance, has been held not to be waste. *Pynchon* v. *Stearns*, 11 *Metc.* 305.

But the cutting, in the present instance, does not come within any of the special circumstances to which I have alluded. The defendant did not attempt to show that the timber had been cut for any justifiable purpose connected with the use of the property, as for the reparation of the premises. Nor did he show that it had been cut and sold for the benefit of the property, as for the purpose of raising money in order to repair, and that the proceeds had been so applied. *Loomis* v. *Wilbur*, 5 *Mason* 13, a case cited, goes to this extent; but, without expressing any opinion as to the correctness of the doctrine, the defendant does not bring himself within it. This case is one of mere destruction and sale of timber, and nothing is shown by which it could be excused or justified. The offer of evidence, as to improvements made by the tenants, had no connection with the cutting of the timber, and was properly rejected. The defendant had no right to *recoupe* for improvements which he might at some time have made.

It was said that the verdict, as rendered by the jury, found the defendant guilty only as to part of the waste charged in the declaration, and did not acquit him as to the residue. 2 *Saund.* 250, *note.* Supposing the formal acquittal, as to the residue, to be essential, yet the verdict, as returned on the *postea*, is entirely regular, in this respect, and in accordance with the precedents. If the jury, in delivering their verdict, found the defendant guilty in part only, specifying the particular waste so found, it was equivalent to an acquittal as to the residue. The intention of the jury was plain, the verdict was sufficient in substance, and the judge did entirely right in

permitting the verdict to be entered upon the *postea* in the proper form.   Verdicts are to be favorably construed, and the court will set them right as to mere form, when the intention of the jury is manifest.   *Hawks* v. *Crofton*, 2 *Burr*. 698 ; *Thompson* v. *Button*, 14 *John*. 86 ; *Foster* v. *Jackson*, *Hob*. 54.

This is a clear case, and had not the entry been already made in due form, the court, if necessary, would even now permit an amendment.   The cases cited, when the verdict did not comprehend the whole issue or issues, have no application.

It seems the verdict must expressly find the place wasted, or no judgment can be entered.   *Redfern* v. *Smith*, 2 *Bing*. 292.

The exception here taken is, that the verdict does not sufficiently specify the place wasted, and that, therefore, there can be no judgment, but that the case should again go down for trial. In the nature of the case, however, I do not see how the designation, by the jurors, of the place wasted can be much more specific.   Unless the waste be *sparsim*, dispersed over the whole tract, only those portions of the tract actually wasted are forfeited.   In such case the extent of the portions wasted cannot be ascertained by mere designation by name, since the whole tract to which the name will apply is not wasted ; nor the boundaries and measurement, for the place wasted is to be found by the view of the jury.   Any great exactness as to the place wasted cannot, therefore, ordinarily be attained by the jury, in rendering their verdict.   I suppose a designation, as in the present instance, of each place wasted must be sufficient, and that the plaintiffs, in executing their writ of seisin, as in the case of the writ of *hab. fac. poss.* in ejectment, will execute it at their peril.

The rule is refused.

Justice NEVIUS concurred.